

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 3, 1967

Honorable J. W. Edgar               Opinion No. M-143
Commissioner of Education
Texas Education Agency          . Re:  Whether House Bill 935,
Austin, Texas                         Acts 60th Legislature,
                                      Regular Session, 1967,
                                      Chapter 298, page 714,
                                      revising Section 2,
                                      Article 2663b-1 and Sec-
                                      tion 1, Article 2663b-2,
                                      Vernon's Civil Statutes,
                                      require all enrollees in
                                      a junior college district
                                      to obtain credit for cer-
                                      tain courses in American
                                      Government and American
Dear Dr. Edgar:                       History?

        You have requested the opinion of this office on the
above captioned question.  However, upon checking the statutes
involved, we find that the statutes' proper numbers are Article
2663b-1 and 2663b-2, as used in House Bill 935.  We quote from
your letter as follows:

        "House Bill 935 (Acts 60th Legislature, 1967,
page 714, effective August 28) revises Section 2,
Article 2663-1 and Section 1, Article 2663-2, which
have provided that no state supported college or
university may grant a baccalaureate degree to any
person unless he has had credit for certain courses
in American Government and American History.

        "As amended, the statutes now call for per-
sons receiving 'a lesser degree or academic certifi-
cate' also to have prescribed credits in such courses.
While H.B. 935 does not define 'academic certificate,'
there is a possibility that such a definition might
include certificates offered by public junior colleges
in vocational education; that is, certificate(s) of
completion normally awarded upon completion of vo-
cational programs or occupational courses, which have

- 664 -

none of the attributes of a degree as generally or professionally understood.

"House Bill 1, (Acts 59th Legislature, 1965, page 27) codified as Article 2919-2, transferred the administration of public junior colleges to the Coordinating Board, Texas College and University System. However, this Agency is also vitally concerned (the Coordinating Board joining) in this opinion request by virtue of language in Section 2(k) of Article 2919-2, and especially that part herein underscored; quote:

"'"Certificate program" means a grouping of subject matter courses which when satisfactorily completed by a student will entitle him to a certificate, associate degree from a junior college or documentary evidence other than a degree, of completion of a course of study from an institution of higher education, provided that programs approved by or subject to approval of the State Board of Vocational Education are excluded from this definition.'

"The Associate of Applied Science Degree and the Associate in Applied Arts Degree, as defined by the Coordinating Board long prior to the enactment of House Bill 935, are in fact technical certificates issued to students who complete occupational curriculum of collegiate level and character. Under such definition and distinction, taking of Government is not required for students planned and programmed for the Associate in Applied Science Degree or Associate in Applied Arts Degree (involving vocational and technical courses).

"No government or history has been required from any student enrolled in less than an associate degree program. When a student receives a 'certificate of completion' for completion of a vocational or technical program (it may be terminal in nature in one semester, in one year or longer), then no government or history has been required of him.

"In many instances, vocational or technical programs approved by this Agency are relatively

short, intensive training programs only. It is not and would not be feasible to include twelve semester hours of Government and History in such programs. . . .

"To interpret House Bill 935 as requiring all enrollees in a junior college district to take government and history would render such institutions ineffectual in the development and education of persons (students) who would enroll only for training and instruction in technical and/or vocational courses necessary to prepare them for their occupational pursuits and inclinations; . . .

". . . Thus, it would seem to us that a certificate of completion (normally issued by a public junior college to such students who satisfactorily complete such a vocational course or program approved by this Agency) does not fall within the definition or requirements of House Bill 935.

"This Agency and the Coordinating Board would appreciate receiving an opinion from your office as to the propriety of our thinking and/or interpretation in this matter. . . ."

House Bill 935, Acts 60th Legislature, Regular Session, 1967, Chapter 298, page 714, amended Articles 2663b-1 and 2663b-2, Vernon's Civil Statutes, and reads, in part, as follows:

"Section 1. Section 2, Chapter 83, Acts 41st Legislature, 2nd Called Session, 1929, as amended by Section 1, Chapter 5, Acts 41st Legislature, 4th Called Session, 1930 (compiled as Section 2, Article 2663b-1, Vernon's Texas Civil Statutes), is hereby amended to read as follows:

"'Sec. 2. All colleges and universities receiving state support or state aid from public funds shall give a course of instruction in Government or Political Science which includes consideration of the Constitution of the United States and the constitution of the states, with special emphasis on that of Texas. This course shall have a credit value of not less than six semester hours or its equivalent. No college or university receiving state support

or state aid from public funds may grant a baccalaureate degree or a lesser degree or academic certificate to any person unless he has credit for such a course. The college or university may determine that a student has satisfied this requirement in whole or in part upon the basis of credit granted to him by the college or university for a substantially equivalent course completed at another accredited college or university or upon the basis of the student's successful completion of an advanced standing examination administered upon the conditions and under the circumstances common for the college or university's advanced standing examinations. The college or university may grant as much as three semester hours of credit or its equivalent towards satisfaction of this requirement for substantially equivalent work completed by the student in the program of an approved senior R.O.T.C. unit. Credit for the advanced standing examination referred to above shall never exceed three semester hours.'

". . .

"Sec. 3. Section 1, Chapter 449, Acts 54th Legislature, 1955 (compiled as Article 2663b-2, Vernon's Texas Civil Statutes), is hereby amended to read as follows:

"'Section 1. No college or university receiving state support or state aid from public funds may grant a baccalaureate degree or a lesser degree or academic certificate to any person unless he has credit for six semester hours or its equivalent in American History. A student is entitled to submit as much as three semester hours of credit or its equivalent in Texas History in partial satisfaction of this requirement. The college or university may determine that a student has satisfied this requirement in whole or in part upon the basis of credit granted to him by the college or university for a substantially equivalent course completed at another accredited college or university, or upon the basis of the student's successful completion of an advanced standing examination administered upon the conditions and under the circumstances common for

the college or university's advanced standing ex-
aminations. The college or university may grant
as much as three semester hours of credit or its
equivalent toward satisfaction of this require-
ment for substantially equivalent work completed
by a student in the program of an approved senior
R.O.T.C. unit. Credit for the advanced standing
examination referred to above shall never exceed
three semester hours.'" (Emphasis added.)

In construing the meaning of the words "academic certifi-
cate" as used in House Bill 935, we must refer also to Article
2919e-2, Vernon's Civil Statutes, known as the Higher Education
Act of 1965, which sets out certain terms, definitions and author-
izations, and is quoted, in part, as follows:

"Sec. 2. Wherever used in this Act the follow-
ing words and phrases shall have the indicated mean-
ing:

" . . .

"(k) 'Certificate program' means a grouping
of subject matter courses which, when satisfacto-
rily completed by a student, will entitle him to a
certificate, associate degree from a junior col-
lege or documentary evidence, other than a degree,
of completion of a course of study from an in-
stitution of higher education, provided that pro-
grams approved by or subject to the approval of
the State Board of Vocational Education are ex-
cluded from this definition.

" . . .

"Sec. 10. The Board shall represent the
highest authority in the State in matters of
public higher education and shall:

" . . .

"(7) Encourage and develop in cooperation
with the State Board of Vocational Education new
certificate programs in technical and vocation-
al education in institutions of higher education
as the needs of technology and industry may de-
mand and recommend the elimination of certificate

programs for which a need no longer exists.

"(8) Develop and promulgate <u>a basic core of general academic courses which, when offered at a junior college during the first two years of collegiate study, shall be freely transferable among all public institutions of higher education in Texas</u> who are members of recognized accrediting agencies on the same basis as if the work had been taken at the receiving institution." (Emphasis added.)

"
. . .

The Legislature in the above quoted statute has made a clear distinction between academic and vocational courses of study to be authorized at junior colleges.

The above quoted statute has not been repealed specifically nor by implication and is still in full force and effect.

In Volume 53, Tex.Jur.2d, Statutes, 270-272, Sec. 181, it is stated:

". . . Where the statutory language is plain and unambiguous, and expresses a single definite and sensible meaning, it is conclusively presumed that the Legislature intended to convey that meaning.
. . .

"
. . .

"A word is presumed to have been used in the same sense that it bears in another statute on the same or an analogous subject, . . ."

Courts are to interpret language used in statutes in a manner to make all relevant laws harmonious, if this can be done. <u>State v. Standard Oil Co.</u>, 130 Tex. 313, 107 S.W.2d 550, 559 (1937); <u>Duval Corp. v. Sadler</u>, 407 S.W.2d 493, 497 (Tex.Sup 1966).

The Legislature has already spelled out its meaning of the word "academic" in Article 2919e-2, Vernon's Civil Statutes.

The manifest use of the word "academic" by the Legislature in House Bill 935, where it refers to academic certifica

is to designate a specific type of certificate.

It is our opinion that you have correctly construed the statutes in question, that by the use of the word "academic certificate" the Legislature clearly was limiting the requirements of House Bill 935, 60th Legislature, Regular Session, 1967, to those certificates of institutions of higher education and junior colleges granted or issued for general academic courses, which when offered at those institutions during the first two years of collegiate study, shall be freely transferable among all public institutions of higher education in Texas. The requirements of House Bill 935 do not apply to those vocational or technical certificate programs which are approved by or subject to approval of the State Board of Vocational Education.

## SUMMARY

The requirements of House Bill 935, Acts 60th Legislature, Regular Session, 1967, Chapter 298, page 714, for American History and American Government courses are applicable to those degrees or certificates awarded by institutions of higher education and junior colleges for general academic courses, but are not applicable to vocational or technical course certificates given for courses approved by or subject to approval of the State Board of Vocational Education.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by William J. Craig
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Alvin Zimmerman
John Reeves
Linward Shivers

A. J. CARUBBI, JR.
Staff Legal Assistant